IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOHN SKINNER, Register No. 1069523,    )
                                        )
                    Plaintiff,          )
                                        )
       v.                               )   No. 07-4046-CV-C-SOW
                                        )
JEFFERSON CITY CORRECTIONAL             )
CENTER CENSORSHIP COMMITTEE, et al.,    )
                                        )
                    Defendants.         )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff John Skinner, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are Jefferson City Correctional Center Censorship Committee, Jefferson City Correctional Center and Missouri Department of Corrections.

Plaintiff complains that defendants censor his magazine and newspaper subscriptions, in violation of his rights under the First Amendment to the United States Constitution, and that the procedures used also violate his rights. Plaintiff also seeks certification of a class action.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Jefferson City Correctional Center Censorship Committee, Jefferson City Correctional Center and Missouri Department of Corrections, as entities of the State of Missouri, are not persons within the meaning of the Civil Rights Act, 42 U.S.C. § 1983.  See Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986).  These defendants also have Eleventh Amendment immunity and are not subject to an action for damages or equitable relief.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

Based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities.  Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).  Thus, plaintiff's claims against these defendants should be dismissed.

No proper defendants are named; however, it will be assumed plaintiff sues the Superintendent of Jefferson City Correctional Center to enjoin enforcement of the regulations. Superintendent Dave Dormire will be substituted for Missouri Department of Corrections as a named defendant and plaintiff will be granted leave to proceed in forma pauperis against Mr. Dormire in his official capacity for injunctive relief challenging the standards used by the Censorship Committee.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis.  28 U.S.C. § 1915.  The records available to the court indicate plaintiff is capable of making an initial payment of $1.70[1] toward the filing fee.  Plaintiff should contact prison officials to have the initial payment processed.  In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full.  If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders.  Fed. R. Civ. P. 41(b).

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  28 U.S.C. § 1915.  If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed.  Reply suggestions should be filed within twelve days after the suggestions in opposition are filed.  In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions.  Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule.  Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response.  Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, against Dave Dormire.  It is further

ORDERED that within thirty days, plaintiff make an initial payment of $1.70 toward the $350.00 filing fee.  It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, whether he will or will not waive service of process on behalf of Mr. Dormire.  It is further

ORDERED that defendant Dormire answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived.  It is further

ORDERED that defendant is granted leave to depose plaintiff at his place of incarceration.  It is further

RECOMMENDED that plaintiff's claims against defendants Jefferson City Correctional Center Censorship Committee, Jefferson City Correctional Center and Missouri Department of Corrections be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.  It is further

RECOMMENDED that plaintiff's motion for certification of a class action be denied, without prejudice.  [3]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4